The liberal, case-specific rubric that appears to reflect something approaching a consensus in other jurisdictions [7] comports with our procedural rules' stated objective of ensuring the just resolution of cases upon their merits. *See* Pa.R.C.P. 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.").[8] Today's decision protects parties innocent of whatever misstep created the circumstance requiring substitution, such as the creditors in bankruptcy in the instant matter, from the unjust consequences of that error. The law of this Commonwealth is the better for it.[9] "Wisdom too often never comes," wrote Justice Felix Frankfurter, "and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (U.S. 1949) (Frankfurter, J., dissenting).

SAVE ARDMORE COALITION, Beth Greenspan, Sheila Murnaghan, Todd Hart, Douglas Muth and Michael Frank, Appellants,

v.

COMMONWEALTH of Pennsylvania, Tom Wolf, in His Official Capacity as Governor of the Commonwealth of Pennsylvania, Office of the Budget, Randy Albright, in his official capacity as Secretary of the Budget, Redevelopment Authority of Montgomery County, Jonathan H. Spergel, in his official capacity as Chair of the Redevelopment Authority of Montgomery County, Margretta Milles, in her official capacity as Vice Chair of the Redevelopment Authority of Montgomery County, John Nugent, in his official capacity as member of the Redevelopment Authority of Montgomery County, Michael J. Becker, in his official capacity as member of the Redevelopment Authority of Montgomery County, Michael P. Markman, in his official capacity as member of the Redevelopment Authority of Montgomery County, Bob Weg-

---

7. *But see, e.g., Bibbs v. Cmty. Bank*, 101 Ark. App. 462, 278 S.W.3d 564 (2008) (denying post-statute of limitations substitution of bankruptcy trustee because original suit brought in the name of the debtor in bankruptcy was void *ab initio* ).

8. To that end, Rule 126 further provides that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

9. Even courts applying F.R.C.P. 17 and its state analogs do not allow amendment in *all* cases, even when to do so would not change the claims raised or prejudice the adverse party. *See Gardner v. State Farm Fire & Cas.*

*Co.*, 544 F.3d 553, 563 (3d Cir.2008) (holding that substitution may not be warranted where, *e.g.*, the omitted plaintiff was readily ascertainable before the end of the limitations period and no basis for the mistake is ventured and noting that Rule 17(a)(3) seeks to "prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made" but "is not a provision to be distorted by parties to circumvent the limitations period"). While such a circumstance may lurk in the instant matter, the issue has not been raised and, thus, has no place in our analysis. Nonetheless, I would leave the door open to the application of such a limitation in a future case as a hedge against vexatious conduct.

breit, in his Official Capacity as member of the Redevelopment Authority of Montgomery County, Township of Lower Merion, Elizabeth S. Rogan, in her official capacity as President of the Township of Lower Merion Board of Commissioners, Paul A. McElhaney, in his official capacity as Vice President of the Township of Lower Merion Board of Commissioners, Daniel J. Bernhein, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Joshua L. Grimes, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Rick Churchill, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Anna Durbin, in her official capacity as member of the Township of Lower Merion Board of Commissioners, Cheryl B. Gelber, in her official capacity as member of the Township of Lower Merion Board of Commissioners, Brian A. Gordon, in his official capacity as Member of the Township of Lower Merion Board of Commissioners, Lewis F. Gould, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Steven K. Linder, in his official capacity as member of the Township of Lower Merion Board of Commissioners, George T. Manos, in his official capacity as member of the Township of Lower Merion Board of Commissioners, C. Brian McGuire, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Philip S. Rosenzweig, in his official capacity as member of the Township of Lower Merion Board of Commissioners, and V. Scott Zelov, in his official capacity as member of the Township of Lower Merion Board of Commissioners, Appellees,

One Ardmore Associates, L.P. and One Ardmore GP Corp., Intervenors.

Supreme Court of Pennsylvania.

May 25, 2016.

### ORDER

PER CURIAM.

AND NOW, this 25th day of May 2016, the Order of the Commonwealth Court is AFFIRMED.

COMMONWEALTH of Pennsylvania, Appellant

v.

Joseph Walter DERHAMMER, Appellee.

Supreme Court of Pennsylvania.

Submitted Oct. 22, 2015.

Decided May 25, 2016.

